# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THOMAS GUZMAN,
                    Appellant,

                    v.

DEPARTMENT OF AGRICULTURE,
                    Agency.

DOCKET NUMBER
SF-1221-20-0166-W-1

DATE: July 18, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thomas Guzman, Cedar City, Utah, pro se.

Julie Nelson, Golden, Colorado, for the agency.

Marcus Mitchell, Albuquerque, New Mexico, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant bears the burden of proving jurisdiction over an appeal. 5 C.F.R. § 1201.56(b)(2). To establish jurisdiction over an IRA appeal, an appellant must show that he exhausted his administrative remedies before the Office of Special Counsel (OSC) and make nonfrivolous allegations[2] that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the

---

[2] The Board's regulations define a nonfrivolous allegation as an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). The regulation further provides that an allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that: (1) is more than conclusory; (2) is plausible on its face; and (3) is material to the legal issues in the appeal. *Id*. Pro forma allegations are insufficient to meet the nonfrivolous standard. *Clark v. U.S. Postal Service*, 123 M.S.P.R. 466, ¶ 6 (2016), *aff'd per curiam*, 679 F. App'x 1006 (Fed. Cir. 2017), *overruled on other grounds by Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 20 n.11.

agency's decision to take or fail to take a personnel action as defined under 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); *see* 5 U.S.C. §§ 1214(a)(3), 1221(e)(1). When evaluating the Board's jurisdiction over an IRA appeal alleging retaliation for protected disclosures, "the question of whether the appellant has non-frivolously alleged protected disclosures that contributed to a personnel action must be determined based on whether the employee alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 (Fed. Cir. 2020).

In this case, the appellant alleged before OSC that he made protected disclosures when:

(1) On July 25, 2018, he disclosed to his first-line supervisor that his second-line supervisor was violating 5 C.F.R. part 338 by requiring him to obtain a chainsaw certification ("saw card");

(2) On September 5, 2018, he disclosed to his first-line supervisor, via text message, that his second-line supervisor intimidated and harassed him in violation of the agency's anti-harassment policy by taking unofficial punitive action against the first-line supervisor, so that she would in turn pressure the appellant to take the saw training;

(3) On September 6, 2018, he filed a report with the agency's Harassment Assessment Review Team alleging intimidation, harassment, and bullying by his first and second-line supervisors;

(4) On September 15, 2018, he informed his first-line supervisor, over the phone, that he was feeling intimidated and harassed by his second-line supervisor with regard to the saw card issue;

(5) On September 15, 2018, he emailed the District Ranger (his third-line supervisor) and informed him that he was "being intimidated, harassed, and bullied" by his first and second-line supervisor, and that he had filed a case with the harassment reporting center; and

(6) On September 16, 2018, he disclosed to the District Ranger and the Deputy District Ranger that his second-line supervisor was acting outside the scope of his authority by attempting to add conditions of employment to his position, that he was being harassed by his first and second-line supervisors, and that his first-line supervisor had threatened him with misconduct after he reported being harassed.

Initial Appeal File (IAF), Tab 6 at 5-11. He further alleged before OSC that, in retaliation for his disclosures, management harassed and intimidated him, threatened to remove him from "off forest" work assignments, threatened to deny leave requests, threatened to charge him with insubordination, and issued an April 19, 2019 letter of reprimand. *Id*.; IAF, Tab 1 at 17. For the reasons discussed below, we agree with the administrative judge that the appellant failed to nonfrivolously allege that the disclosures he identified in his OSC complaint were protected under 5 U.S.C. § 2302(b)(8).

Protected disclosures include any disclosure of information that the employee reasonably believes evidences a violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8). A nonfrivolous allegation of a protected disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in his position would believe evidenced one of these specified types of wrongdoing. *Salerno*, 123 M.S.P.R. 230, ¶ 6. The test for determining whether an employee had a reasonable belief that his disclosures revealed a type of wrongdoing listed under 5 U.S.C. § 2302(b)(8) is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the Government evidenced such wrongdoing. *Id.*

We first consider the appellant's allegation that he made protected disclosures when he disclosed to his first-line supervisor, and later to the District Ranger and Deputy District Ranger, that his second-line supervisor violated 5 C.F.R. part 338 by directing him to obtain a chainsaw certification. IAF, Tab 6 at 5-6, 11. In support of his claim, the appellant does not cite the regulation itself, but instead quotes a portion of an Office of Personnel Management (OPM) policy statement interpreting the regulation:

1. **The U.S. Office of Personnel Management (OPM)**

   OPM is responsible for developing and issuing minimum qualifications standards, policies, and instructions.

   . . . .

2. **Agencies**

   Federal executive branch agencies are responsible for applying appropriate standards in individual personnel actions and when examining for positions under a delegated examining authority. Information provided in OPM qualification standards generally is not sufficiently specific to be used directly in examining for positions or quoted in vacancy announcements. Therefore, agencies must include in their vacancy announcements the general or specialized experience or education required for their positions.

IAF, Tab 6 at 6, 15.[3] The appellant argues that, by directing him to obtain a saw card, his second-line supervisor was not merely assigning duties, but rather modifying minimum qualification standards that were already approved by the responsible parties and listed in the vacancy announcement and position description. *Id.* at 15. Hence, the appellant argues that his second-line supervisor was acting outside the scope of his authority. *Id.*

We agree with the administrative judge that the appellant failed to nonfrivolously allege that he disclosed a violation of law, rule, or regulation with regard to the saw card instruction. The same OPM guidance the appellant relies upon provided that an agency may develop selective factors, i.e., knowledge, skills, abilities, or special qualifications, to supplement minimum qualification standards. In this case, the position description states, under the heading of Knowledge Required by the Position, Factor 1, that the Forestry Technician (Prevention) position requires "[s]kill in the use of handtools such as axe, shovel, pulaski and power tools including chainsaw, powered pumps, etc. to build fireline

---

[3] OPM amended this policy statement in May 2022, while the appellant's petition for review was pending before the Board. https://www.opm.gov/policy-data-oversight/classification-qualifications/general-schedule-qualification-policies/#url=General-Policies (last visited July 17, 2024). This amendment does not affect the outcome of this appeal.

and extinguish burning materials, as qualified." IAF, Tab 7 at 76. The instruction to obtain a chainsaw certification is consistent with that selective factor, and does not purport to modify the minimum qualification standards for the position. Accordingly, we agree with the administrative judge that the appellant failed to allege facts that, if proven, would show that he disclosed a matter that a reasonable person in his position would believe evidenced a violation of law, rule, or regulation.

The remaining alleged disclosures concern the appellant's allegation that his first- and second-line supervisors harassed and intimidated him.[4] IAF, Tab 6 at 7-11. Specifically, he contends that their behavior was in violation of the agency's anti-harassment policy set forth in Forest Service Manual (FSM) 1700. *Id*. at 7-8; https://www.fs.usda.gov/sites/default/files/wo-1760-amend-2017-1-003.pdf (last visited July 17, 2024). The appellant correctly observes that the anti-harassment policy covers non-EEO related harassment, *see* FSM 1700, § 1765.03, and he does not allege that he was harassed based on membership in a protected class. He instead cites the prohibition against "Other Workplace Harassment (non-EEO, including Bullying)," defined as "[a]ny form of unwelcome, pervasive, persistent and unsolicited verbal, non-verbal, written, or physical conduct that is objectively offensive and could alter the affected employee's terms and conditions of employment." FSM 1700, § 1765.05(3); IAF, Tab 6 at 7-8.

The appellant contends that his supervisors violated that policy by threatening to take punitive action, such as denying leave, preventing him and his peers from going on fire assignments, or bringing an insubordination charge, if he did not comply with the instruction to obtain a saw card. The appellant may well have felt that the conduct of his supervisors was unwelcome, pervasive, persistent, and unsolicited. However, taking the appellant's allegations as true,

---

[4] As the appellant notes in his petition for review, he has not alleged that the instruction to obtain a saw card was itself a violation of the anti-harassment policy. PFR File, Tab 1 at 7.

he has not described conduct that a reasonable person would consider "objectively offensive." Accordingly, we find that he has not nonfrivolously alleged that he disclosed a violation of law, rule, or regulation.

Nor has the appellant nonfrivolously alleged that, by reporting the alleged harassment and intimidation, he disclosed another type of wrongdoing listed under 5 U.S.C. § 2302(b)(8). We note that the Board has held that a supervisor's use of his influence to denigrate other staff members in an abusive manner and threaten the careers of staff members with whom he disagrees may constitute an abuse of authority. *Herman v. Department of Justice*, 115 M.S.P.R. 386, ¶ 11 (2011). However, the conduct the appellant claims to have disclosed does not rise to that level of wrongdoing. Taking the appellant's allegations as true, a reasonable person would not view his supervisors' efforts to enforce the saw card instruction to be abusive, denigrating, or otherwise outside the realm of ordinary supervisory discretion.

In sum, we agree with the administrative judge that the appellant failed to nonfrivolously allege that the disclosures he identified in his OSC complaint were protected under 5 U.S.C. § 2302(b)(8). Accordingly, we affirm his decision to dismiss the appeal for lack of jurisdiction.[5]

---

[5] We agree with the appellant that the administrative judge should have made a ruling on his motion to compel. However, the appellant has not explained how the requested discovery would have enabled him to establish jurisdiction over his appeal. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (holding that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights.) As to the appellant's newly submitted evidence, he has not shown that the documents in question were previously unavailable despite his due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (holding that, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).

**NOTICE OF APPEAL RIGHTS**[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 77960
> Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> 131 M Street, N.E.
> Suite 5SW12G
> Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.